IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LARRY SCHNECKLOTH,<br><br>    Plaintiff,<br><br>    v.<br><br>WARDEN JANSEN and JERRY LEE LOVELACE, JR.,<br><br>    Defendants. | Case No. 8:24cv437<br><br><br>ANSWER |

The Defendants, James Jansen, Warden at the Omaha Correctional Center ("Jansen") and Dr. Jerry Lee Lovelace, Jr. ("Lovelace") (collectively, the "Defendants"), hereby answer the Plaintiff's Complaint as follows.

## General Denials

The Defendants deny each and every allegation contained in the Complaint except those specifically admitted herein and those which constitute admissions against the Plaintiff's interest. Additionally, Defendants note that the Complaint is replete with improper argument, legal conclusions, and paragraphs containing compound factual allegations in violation of Fed.R.Civ.P. Rules 8(a), 8(d)(1), and 10(b). Subject to these initial statements, Defendants answer each paragraph[1] of the Complaint as follows:

1. The allegations in Paragraph I-A are admitted.

---

[1] The Answers herein correspond to the sections numbered I-A to IX-B of the Complaint for Violation of Civil Rights form, to the extent allegations are made in respective sections.

2. The allegations in Paragraph I-B(1) are admitted as to Warden Jansen.

3. No response is required to Paragraphs I-B(2) and I-B(3) as the claims against Rob Britton and Rob Jeffreys were dismissed in the Court's Memorandum and Order. *See* Filing 6 at 13.

4. The allegations in Paragraph I-B(4) are admitted.

5. The allegations in Paragraph II-A is a legal statement to which no response is required.

6. The allegations in Paragraph II-B are denied.

7. The allegations in Paragraph II-D are denied.

8. The allegations in Paragraph III are admitted.

9. In Paragraph IV-B, Defendants admit that the alleged claim arose at Omaha Correctional Center. The remaining allegations in Paragraph IV-B are denied.

10. In Paragraph IV-C, Defendants admit that the alleged claim arose on or about May 4, 2024. The remaining allegations in Paragraph IV-C are denied.

11. The allegations in Paragraph IV-D(1) are denied.

12. No response is required to Paragraphs IV-D(2) as the claims against Rob Britton were dismissed in the Court's Memorandum and Order. *See* Filing 6 at 13.

13. The allegations in Paragraph IV-D(3) are denied.

14. No response is required to Paragraphs IV-D(4) as the claims against Rob Jeffreys were dismissed in the Court's Memorandum and Order. *See* Filing 6 at 13.

15. The allegations in Paragraph V are denied.

16. The allegations in Paragraph VI are denied.

17. In Paragraph VII(A), Defendants admit Plaintiff is currently housed at Omaha Correctional Center serving a life sentence. The remainder of the allegations in Paragraph VII(A) are denied.

18. The allegations in Paragraph VII(B) are admitted.

19. In Paragraph VII(C), Defendants admit there is a grievance procedure at the correctional facility where the alleged claims arose. The remainder of the allegations in Paragraph VII(C) are denied.

20. In Paragraph VII(D), Defendants admit that Plaintiff filed a grievance in his correctional facility. The remainder of the allegations in Paragraph VII(C) are denied.

21. The allegations in Paragraph VII(E)(1) are admitted.

22. To the extent the allegations in Paragraph VII(E)(2) repeat earlier paragraphs, please see answers to Paragraphs I-VII.

23. The allegations in Paragraph VII(E)(3) are denied.

24. The allegations in Paragraph VII(E)(4) are denied.

25. The allegations in Paragraph VII(G) are denied.

26. The allegations in Paragraph VIII are legal statements to which no response is required.

27. The allegations in Paragraph IX are legal certifications to which no response is required.

## Affirmative and Other Defenses

1. Defendants are immune from suit under the doctrine of qualified immunity.

2. The Complaint fails to state a claim upon which relief can be granted.

3. At all relevant times, the Defendants acted in good faith, without malice, and without the requisite state of mind necessary for the Plaintiff to establish liability for the violation of any federal right.

4. Defendant Jansen did not act with deliberate indifference to the Plaintiff's healthcare or medical needs.

5. Defendant Lovelace did not act with deliberate indifference to the Plaintiff's healthcare or medical needs.

6. Defendant Jansen did not know of and disregard a serious risk of harm or medical issue to the Plaintiff.

7. Defendant Lovelace did not know of and disregard a serious risk of harm or medical issue to the Plaintiff.

8. Defendant Jansen did not engage in any conduct that caused Plaintiff to suffer a serious medical, dental, or mental health condition or aggravate or worsen an existing serious medical, dental, or mental health condition.

9. Defendant Lovelace did not engage in any conduct that caused Plaintiff to suffer a serious medical, dental, or mental health condition or aggravate or worsen an existing serious medical, dental, or mental health condition.

14. Some of or all the symptoms, treatment, limitations, injuries, and/or damages Plaintiff claims were not caused by the actions or alleged omissions of the

Defendants, but were the result of distinguishable, unrelated, pre-existing, subsequent events, injuries, or conditions which were not aggravated or caused by the acts of alleged omissions of the Defendants.

15. The Defendants hereby place Plaintiff on notice that Defendants will raise the following affirmative defenses, as set forth in Fed. R. Civ. P. 8(c)(1), should subsequent discovery disclose facts that support such defenses, including, but not limited to: assumption of risk, contributory negligence, fraud, illegality, laches, payment, release, and waiver.

WHEREFORE, the Defendants ask that the Plaintiff take nothing by reason of this suit and respectfully request that the Court enter judgment in favor of the Defendants, dismiss the Complaint with prejudice, and grant Defendants any other and further relief, including attorney's fees, that the Court deems just and proper.

Respectfully submitted March 31, 2025.

        **WARDEN JANSEN and JERRY LEE LOVELACE, JR., Defendants.**

        BY:   MICHAEL T. HILGERS, # 24483
                       Nebraska Attorney General

        BY:   *s/ Justin J. Hall*

                       Justin J. Hall, # 26161
                       Assistant Attorney General
                       Office of the Attorney General
                       2115 State Capitol
                       PO Box 98920

Lincoln, Nebraska 68509-8920
Telephone: (402) 471-2682
Justin.hall@nebraska.gov

***Attorneys for Defendants.***

### Certificate of Service

I hereby certify that on March 31, 2025, I electronically filed the foregoing document with the Clerk of the United States District Court for the District of Nebraska, which will send notification of such filing to Plaintiff's counsel of record.

BY:    *s/ Justin J. Hall*
Justin J. Hall, #26161
Assistant Attorney General

6